UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ZA GROUP, INC. and,
EDDIE ZABEN,

       Plaintiffs,       CIVIL ACTION NO.  08-cv-14862

 VS.                        DISTRICT JUDGE JOHN FEIKENS

UNITED STATES OF       MAGISTRATE JUDGE MONA K. MAJZOUB
AMERICA,

       Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO COMPEL PLAINTIFF (SIC) TO RESPOND TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (DOCKET NO. 10)

This matter comes before the Court on Defendant's Motion to Compel Plaintiff (sic) To Respond To Defendant's First Set Of Requests For Production Of Documents And Things filed on August 10, 2009.  (Docket no. 10).  Plaintiffs did not file a response and the time for responding has passed.  This matter was referred to the undersigned for all pre-trial proceedings.  28 U.S.C. § 636(b)(1)(A).  (Docket no. 11).  The Court disposes with oral argument on this Motion.  (Docket no. 12), E.D. Mich. LR 7.1(e).

Plaintiff ZA Group, Inc. ("Plaintiff ZA Group") corporation is a food market/gas station and Plaintiff Eddie Zaben is its president.  (Docket no. 1).  Plaintiffs brought this action following the United States Department of Agriculture's (USDA) determination that Plaintiff ZA Group was engaged in the trafficking of food stamp benefits and the subsequent disqualification of Plaintiff ZA Group from Defendant's food stamp program pursuant to 7 C.F.R. § 278.6(e)(1).  (Docket no. 1).

Plaintiffs allege in their complaint that Defendant's findings cannot be supported and they are entitled to a de novo trial of the issues pursuant to 7 U.S.C. § 2023(a) and 7 C.F.R. § 279.10.

Defendant served its First Set of Requests For Production Of Documents And Things on Plaintiffs on June 3, 2009. (Docket no. 10, Ex. 1). Defendant filed this Motion To Compel on August 10, 2009 alleging that the only document produced by Plaintiffs to date was a non-responsive copy of Plaintiff ZA Group's income tax return for 2007. (Docket no. 10). Defendant with its motion has submitted a series of correspondence with Plaintiffs' counsel by which it sought responses to its discovery[1]. In July 2009 the parties agreed to stipulate to an extended period of discovery and discovery closes on October 9, 2009. (Docket no. 9).

Plaintiffs did not serve responses or objections to Defendant's discovery requests other than the production of the single non-responsive tax return. (Docket no. 10). Defendant attempted to seek Plaintiffs' concurrence in this motion and was not able to obtain it. (Docket no. 10).

Fed. R. Civ. P. 26(b) allows for discovery of information that is relevant and not privileged. Under Fed. R. Civ. P. 37(a)(3)(B), the Court can compel discovery if a party fails to properly respond to a request submitted under Rule 34. Defendant served four Requests for Production of Documents and Things and one of the requests contains five sub-parts. The Requests for Production

---

[1]Defendant alleges that on July 15, 2009 Plaintiff's counsel "anticipated that the responses would be forthcoming" within two weeks, on July 27, 2009 Defendant's counsel left a telephone message inquiring about the status of the responses, and on August 7, 2009 Defendant's counsel sought concurrence in its motion via telephone. (Docket no. 10). Defendant provided with its motion copies of the following correspondence in which Defendant's counsel inquired about the status of Plaintiffs' responses: A letter to Plaintiffs' counsel dated July 13, 2009; a facsimile to Plaintiffs' counsel dated July 29, 2009; and a letter to Plaintiffs' counsel dated August 3, 2009. (Docket nos. 10-4, 10-7, 10-9). Defendant also included copies of Plaintiffs' counsel's correspondence during this period of time indicating that documents would be forthcoming. (Docket nos. 10-5, 10-8).

ask for documents for the months between December 2007 and August 2008 and related to the amount of sales per month of products and food items, including a breakdown of sales in which food stamps or electronic benefit cards were used to pay for the purchase and the amount of sales in which they were not used to pay for the purchase. The Requests also ask for documents related to the amount per month of food purchases from vendors or suppliers during this period, Plaintiff ZA Group's 2008 income tax return, a summary of sales/use/withholding tax for 2008 and all documents or items Plaintiffs may use to support their claim.

The specific requests are relevant to the claims and defenses in this action or are otherwise reasonably calculated to lead to the discovery of admissible evidence and Plaintiffs have not objected to the requests or served a response to Defendant's Motion To Compel. Fed. R. Civ. P. 26(b)(1). The Court will order Plaintiffs to produce documents responsive to Defendant's First Set of Requests for Production Of Documents And Things as set forth below.

Defendant also requests an award of the attorney fees which it incurred to bring this motion.

Fed. R. Civ. P. 37(a)(5) provides that:

> If the motion [to compel] is granted– or if the disclosure or requested discovery is provided after the motion was filed– the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
> (1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5).

Plaintiffs did not serve responses or objections to Defendant's discovery requests, thus necessitating this motion. Furthermore, Plaintiffs did not respond to Defendant's motion as required

3

under E.D.Mich. LR 7.1.  The Court will grant Defendant's motion as to the requests for reasonable expenses including attorneys fees incurred in bringing the motion.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel Plaintiff To Respond To Defendant's First Set Of Requests For Production Of Documents And Things (docket no. 10) is **GRANTED** and on or before October 9, 2009 at 5:00 p.m. Plaintiffs will produce documents and other things responsive to Defendant's Request for Production of Documents without objection.

**IT IS FURTHER ORDERED** that Defendant's Request for attorneys fees and costs associated with bringing the motion is **GRANTED** and Defendant will provide to the Court on or before October 9, 2009 its bill of costs for reasonable expenses including attorneys fees incurred in bringing this motion and an affidavit in compliance with E.D.Mich. LR 54.1.2(b) setting forth in detail the number of hours spent on Defendant's Motion to Compel (docket no. 10) and including but not limited to the other information required under E.D.Mich. LR 54.1.2(b).  Plaintiffs may file a Response to Defendant's Bill of Costs and affidavit on or before October 19, 2009.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: September 30, 2009                s/ Mona K. Majzoub
                                         MONA K. MAJZOUB
                                         UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

      I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: September 30, 2009               s/ Lisa C. Bartlett
                                                    Courtroom Deputy